■ W. W. GETTYS ELECTRIC CO., INC., Respondent, v. NEW AMSTERDAM CASUALTY COMPANY, Appellant. VERMONT STRUCTURAL STEEL CORP., Respondent, v. NEW AMSTERDAM CASUALTY COMPANY, Appellant.— *Per Curiam.* Appeals by defendant from judgments of the Supreme Court in favor of plaintiffs, granted upon motions made pursuant to CPLR 4401 after the close of all the evidence, in actions brought on a labor and material payment bond to recover for labor and materials furnished by plaintiffs for the construction of a building, under their respective subcontracts with the principal. We find no substance to the sole contention raised in respect of the merits, whereby appellant urges that the copy of the bond in evidence was incomplete, in that a copy of the construction contract was not annexed to it; this despite defendant's specific admission to the contrary contained in its answer and made at a time when any omission, technical or otherwise, could have been readily supplied upon pretrial examination of defendant which wrote the bond and presumably maintained a record of it. Appellant seeks also to have reviewed on this appeal the trial court's denial of its third application to adjourn the trial. On each occasion plaintiff Gettys asserted, without factual contradiction, that its small business was prejudiced and its existence threatened by the delay in enforcing collection of the substantial amount it had put into the work. The actions reached the Trial Calendar in Clinton County, where but three Trial Terms are assigned annually, some 10 months after they had been commenced, substantial portions of that period being consumed by delays due to accommodation of one kind or another accorded defendant and to defendant's unexplained failures to prepare for trial. Its first application, made at a September Term to adjourn the trial to the next term because of counsel's engagement elsewhere was granted by order which directed defendant to be ready for trial at the next term, which was in January; at which time, however, defendant moved for a further adjournment and for an order to take depositions in Texas in a third-party action, the commencement of which had been delayed for no reason at all, so far as appears, until that time; and these applications were disposed of by stipulation in which defendant agreed, first, that in no event should the depositions be taken after February 22 and, second, that the defendant would be ready for trial at the March Term, and these provisions were also embodied in an order. Plaintiffs' attorney attended at the taking of the deposition in Texas, at which one of the two witnesses failed to appear, although allegedly subpœnaed, but there was no showing on defendant's part of any effort to enforce the subpœna. Nevertheless, with apparently no regard for his own stipulation or for the court's order, counsel again made application for another adjournment. Defendant demonstrated neither the materiality of the testimony of the Texas witness nor any likelihood of his being available to testify; nor was any substantial excuse advanced for defendant's repeated neglects and delays. The application was properly denied and, indeed, any other disposition would have been so completely unwarranted as to require reversal. Judgments affirmed, with costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.